IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

PENELOPE C. JONES                       PLAINTIFF
1111 Willow Park Circle
Louisville, Kentucky 40299

Case No. 3-15-cv-248-JGH

v.

Judge_____

PHOENIX MANAGEMENT SYSTEMS, INC.
d/b/a PHOENIX MANAGEMENT SYSTEMS
24 North Front Street
New Ulm, Minnesota 56073

      SERVE:      KENTUCKY SECRETARY OF STATE

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:      CSC-Lawyers Incorporating Service Co.
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:      The Prentice Hall Corporation System
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)                      DEFENDANTS

                              ** ** ** **

## **VERIFIED COMPLAINT**

      Comes the Plaintiff, Penelope C. Jones, by counsel, and for her Verified Complaint against the Defendants, Phoenix Management Systems, Inc. d/b/a Phoenix Management Systems ("Phoenix Management"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### **I. PRELIMINARY STATEMENT**

      1.    This is an action for defamation, negligence, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., against the Defendants, Phoenix Management, Equifax, Trans Union, and Experian arising out of Defendant Phoenix Management's false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged delinquency to Phoenix Management, and Equifax's, Trans Union's, and Experian's failure to correct Phoenix Management's false reporting on Plaintiff's credit reports.

### **II. PARTIES**

      2.    Plaintiff, Penelope C. Jones, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1111 Willow Park Circle, Louisville, Kentucky 40299.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Phoenix Management, is a Minnesota corporation with its principal place of business at 24 North Front Street, New Ulm, Minnesota 56073.

5. Defendant, Phoenix Management, is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In December 2014 and January 2015, Plaintiff was in the process of trying to refinance her home mortgage.

17. In early January 2015, Plaintiff discovered a derogatory entry on her Equifax credit report for an alleged delinquent account payable to Phoenix Management (the "Phoenix Management Account") in the amount of $1,725. Plaintiff's Equifax Credit Report noted that the Phoenix Management Account was a collection account for a debt sold to Phoenix Management by a company called Zzounds, Inc., a music supply retailer in Arizona.

18. Plaintiff has never done any business with Zzounds, Inc. or Phoenix Management.

19. After discovering the Phoenix Management Account on her Equifax credit report, Plaintiff contacted both Phoenix Management and Zzounds, Inc., the original alleged creditor. Zzounds, Inc. advised Plaintiff that it had never transacted any business with her, but refused to provide Plaintiff with any confirmation of Plaintiff's non-liability for the Phoenix Management Account.

20. Phoenix Management, although it furnished the derogatory information to Equifax, Experian and Trans Union, couldn't locate Plaintiff's alleged account in its system. Phoenix Management, however, refused Plaintiff's request that it correct the derogatory entry on Plaintiff's Equifax Credit Report.

21. In or around January 2015, Plaintiff filed a dispute with Equifax regarding the Phoenix Management Account.

22. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A) notified Phoenix Management of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

23. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Equifax failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

24. In or around late January 2015, Plaintiff discovered the derogatory Phoenix Management Account on her Trans Union credit report.

25. Immediately after discovering the Phoenix Management Account on her Trans Union Credit Report, Plaintiff filed a dispute with Trans Union regarding the Phoenix

Management Account.

26. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A) notified Phoenix Management of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

27. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Trans Union, failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute.

28. In or around late mid-February 2015, Plaintiff discovered the derogatory Phoenix Management Account on her Experian credit report.

29. Immediately after discovering the Phoenix Management Account on her Experian Credit Report, Plaintiff filed a dispute with Experian regarding the Phoenix Management Account.

30. Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A) notified Phoenix Management of the dispute at or within five (5) days of Experian receiving notice of the dispute from Plaintiff.

31. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Experian failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute.

32. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency.

## V. CLAIMS

### Negligence – Phoenix Management

33. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Phoenix Management's false reporting to Equifax regarding the Phoenix Management Account was negligent under applicable law. In falsely reporting the subject debt as delinquent, Phoenix Management breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

35. Phoenix Management's false reporting to Equifax regarding the Phoenix Management Account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Phoenix Management's false reporting to Equifax regarding the Phoenix Management Account of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Equifax's failure to remove Phoenix Management's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove Phoenix Management's

false report of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

38. Equifax's negligent failure to remove Phoenix Management's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39. Equifax's failure to remove Phoenix Management's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

40. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Trans Union's failure to remove Phoenix Management's false report of Plaintiff's alleged delinquency from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent.  In failing to remove Phoenix Management's false report of Plaintiff's alleged delinquency, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

42. Trans Union's negligent failure to remove Phoenix Management's false report of Plaintiff's alleged debt from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential

damages.

43. Trans Union's failure to remove Phoenix Management's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

44. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Experian's failure to remove Phoenix Management's false report of Plaintiff's alleged delinquency from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to remove Phoenix Management's false report of Plaintiff's alleged delinquency, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

46. Experian's negligent failure to remove Phoenix Management's false report of Plaintiff's alleged debt from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

47. Experian's failure to remove Phoenix Management's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Phoenix Management

48. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. Phoenix Management, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, that Plaintiff is liable for the Phoenix Management Account. Phoenix Management's statements were made with conscious disregard for the rights of the Plaintiff.

50. Phoenix Management's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

51. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Phoenix Management and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff is liable for the Phoenix Management account. In publishing such statements, Equifax acted and continues to act with conscious disregard for the rights of the Plaintiff.

53. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

54. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Phoenix Management and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff is liable for the Phoenix Management account. In publishing such statements, Trans Union acted and continues to act with conscious disregard for the rights of the Plaintiff.

56. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Phoenix Management and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff is liable for the Phoenix Management account. In publishing such statements, Experian acted and continues to act with conscious disregard for the rights of the Plaintiff.

59. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – Phoenix Management**

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Phoenix Management's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged liability for the Phoenix Management Account is a violation of Phoenix Management's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

62. Phoenix Management's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Phoenix Management is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

66. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. Trans Union's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Phoenix Management**

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Phoenix Management's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged liability for the Phoenix Management Account, despite Phoenix Management's knowledge of the falsity of its reporting, is a willful violation of Phoenix Management's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

74. Given Phoenix Management's knowledge of the falsity of its reporting, Phoenix Management's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Phoenix Management is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

75. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

76. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

79. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

80. Trans Union's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and

Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

82. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

83. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

85. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

86. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Penelope C. Jones, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

> Respectfully submitted,
>
> */David W. Hemminger*
> David W. Hemminger
> LYNCH, COX, GILMAN & GOODMAN P.S.C.
> 500 West Jefferson Street, Suite 2100
> Louisville, KY 40202
> (502) 589-4994
> dhemminger@lynchcox.com
> *Counsel for Plaintiff*

17

## VERIFICATION

I, Penelope C. Jones, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Penelope C. Jones

COMMONWEALTH OF KENTUCKY  )
                          ) SS
COUNTY OF ~~JEFFERSON~~ Shelby )

Subscribed, sworn to and acknowledged before me by Penelope C. Jones this 7th day of April, 2015.

_____
Notary Public
Commission expires: 2/17/2016